UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-5180 PA (AFMx) | Date | July 17, 2017 |
|---|---|---|---|
| Title | Mirna Vasquez v. Hertz Vehicles, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

None  None

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed on July 13, 2017, by defendants Beverly Harrison and Richard Harrison (collectively "Defendants" or "the Harrisons"). (Docket No. 1 ("NOR").) Defendant The Hertz Corporation has consented to removal, and defendant Hertz Vehicles LLC has not yet been served. (Docket No. 3; NOR ¶ 6.) Defendants assert that this Court has jurisdiction over the action brought against them by plaintiff Mirna Vasquez ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

**I.  Legal Standard**

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction over only those matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize Inc. v. Matrix Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

To invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). A person is domiciled in the place he resides with the intent to remain or to which he intends to return. See Kanter, 265 F.3d 857. "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-5180 PA (AFMx) | Date | July 17, 2017 |
|---|---|---|---|
| Title | Mirna Vasquez v. Hertz Vehicles, LLC, et al. | | |

state." Id. The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("[T]he relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company . . . ."); Handelsman v. Bedford Vill. Assocs., Ltd. P'ship, 213 F.3d 48, 51–52 (2d Cir. 2000) ("[A] limited liability company has the citizenship of its membership . . . ."); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction.").

**II.   Analysis**

    **A.   The Harrisons**

First, Defendants have failed to adequately allege their own citizenship. A defendant is presumed to know the facts surrounding its own citizenship. See, e.g., Leon v. Gordon Trucking, Inc., 76 F. Supp. 3d 1055, 1063 (C.D. Cal. 2014); Cretian v. Job1USA, Inc., No. 09-CV-770-ST, 2009 WL 4841039, at *1 (D. Or. Dec. 11, 2009) ("Defendant is presumed to know its own citizenship; indeed it is in the best position to know it for purposes of removal."). In an effort to establish the Harrisons' citizenship, the Notice of Removal alleges:

> Based on information and belief, at the time this action was filed and at the time this Notice of Removal is filed, Defendant Beverly Harrison was and is a resident of Bremerton, Washington.
>
> Based on information and belief, at the time this action was filed and at the time this Notice of Removal is filed, Defendant Richard Harrison was and is a resident of Bremerton, Washington.

(NOR ¶¶ 11, 12 (internal citations omitted) (emphasis in original).) Because an individual is not necessarily domiciled where he or she resides, these allegations of residence are insufficient to establish the Harrisons' citizenship. See Kanter, 265 F.3d at 857.

    **B.   Plaintiff**

Defendants have also failed to adequately allege Plaintiff's citizenship. The Notice of Removal alleges,"[b]ased on information and belief, and as alleged in Plaintiff's Complaint, at the time this action was filed and at the time this Notice of Removal is filed, Plaintiff Mirna Vasquez was domiciled in, and a citizen of the State of California." (NOR ¶ 16.) In support of this allegation, Defendants cite the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-5180 PA (AFMx) | Date | July 17, 2017 |
|---|---|---|---|
| Title | Mirna Vasquez v. Hertz Vehicles, LLC, et al. | | |

Complaint and a declaration[1/] of defense counsel. However, "information and belief" is insufficient to support jurisdictional allegations in a removal. Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). In addition, the Complaint merely states that "[a]t all times material hereto, Plaintiff Mirna Vasquez was an individual who resided within the State of California." (NOR, Ex. A ¶ 2.) Because the only support for Defendants' allegation of Plaintiff's citizenship is residence, and an individual is not necessarily domiciled where he or she resides, the Notice of Removal's allegations are insufficient to establish Plaintiff's citizenship.

### C. Hertz Vehicles, LLC

Finally, Defendants have not properly alleged the citizenship of defendant Hertz Vehicles, LLC. Specifically, the Notice of Removal alleges that Hertz Vehicles, LLC "was and is a Corporation organized under the laws of the State of Delaware, with its principal place of business in Florida. Therefore, Hertz Vehicles, LLC is deemed a citizen of Delaware and Florida for purposes of 28 U.S.C. §§ 1332(c)(1), 1441." (NOR ¶ 13.) However, an LLC is not a corporation, and an LLC's citizenship, unlike that of a corporation, is based on the citizenship of its members. Johnson, 437 F.3d at 899. Because Defendants have not identified the citizenship of Hertz Vehicles, LLC's members, and instead allege its citizenship as if it were a corporation, Defendants have not adequately alleged Hertz Vehicles, LLC's citizenship.

Because the Notice of Removal does not adequately allege the citizenship of the Harrisons, Plaintiff, or Hertz Vehicles, LLC, Defendants have failed to demonstrate that complete diversity exists.

### **Conclusion**

For the foregoing reasons, Defendants have failed to meet their burden of establishing the Court's diversity jurisdiction. Accordingly, the Court remands this action to Los Angeles Superior Court, Case No. BC661135. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

---

[1/] The declaration's allegation of Plaintiff's citizenship is identical to that of the Notice of Removal. (Docket No. 4, ¶ 10.)